**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KIMMY-ANN BILLINGS, an individual, | ) )  ) |
| Plaintiff, | ) **Case No.:** ) |
| v. | ) **COMPLAINT FOR** ) **VIOLATIONS OF THE FAIR** ) **DEBT COLLECTION** |
| AUTOVEST L.L.C., a Michigan Limited Liability Company; and LEFKOFF, RUBIN, GLEASON, & RUSSO, P.C., a Georgia Professional Corporation, | ) **PRACTICES ACT ("FDCPA")** ) ) **JURY TRIAL DEMANDED** ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT
COLLECTION PRACTICES ACT ("FDCPA")**

COMES NOW Kimmy-Ann Billings, Plaintiff, and states the following complaint for violations of the Fair Debt Collection Practices Act, against AUTOVEST L.L.C. and LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.:

**Introduction**

1.

Plaintiff KIMMY-ANN BILLINGS, through her undersigned counsel, brings this action against AUTOVEST L.L.C. ("Autovest") and LEFKOFF,

1

RUBIN, GLEASON & RUSSO, P.C. ("Lefkoff") for their violations of the

Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

2.

While many violations are described below with specificity, this

Complaint alleges violations of the statutes cited in their entirety.

3.

Any and all violations by Defendants as alleged in this Complaint

were knowing, willful, and intentional, and Defendants did not maintain

procedures reasonably adapted to avoid any such violation.

## **Jurisdiction and Venue**

4.

This action arises in part out of Defendants' illegal and improper

efforts to collect a consumer debt from the Plaintiff, and include multiple

violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et

seq. (the "FDCPA").

5.

Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal

Question), 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 & 1337.

6.

This Court has personal jurisdiction over the Defendants for the purposes of this action because Defendants transact business in the State of Georgia, the committed acts that form the basis for this suit occurred within the State of Georgia, Defendant Lefkoff is a Georgia Professional Corporation, and Defendant Autovest is registered as a foreign businesses doing business within the State of Georgia with a registered agent in the State of Georgia.

7.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action as alleged in this complaint occurred in this District.

**PARTIES**

8.

Plaintiff KIMMY-ANN BILLINGS is a natural person who is a resident of Gwinnett County, Georgia.

9.

AUTOVEST L.L.C. ("Autovest") is a Limited Liability Company organized under the laws of the State of Michigan which does business in

the State of Georgia, and in particular Gwinnett County.

10.

AUTOVEST L.L.C. is registered as a foreign limited liability company doing business in Georgia, and has a registered agent in Gwinnett County, Georgia, named CORPORATION SERVICE COMPANY located at 40 TECHNOLOGY PARKWAY, SOUTH, #300, NORCROSS, GA, 30092, and a principal place of business located at 26261 EVERGREEN ROAD, SUITE 390, SOUTHFIELD, MI, 48076.

11.

LEFKOFF, RUBIN, GLEASON, & RUSSO, P.C. ("Lefkoff"), is a Georgia Professional Corporation.

12.

Lefkoff is has a registered agent in Fulton County, Georgia, named CRAIG B. LEFKOFF located at 5555 Glenridge Connector, Suite 900, ATLANTA, GA, 30342, and a principal place of business at the same address.

13.

Defendant AUTOVEST L.L.C. is in the business of debt collection.

14.

Defendant AUTOVEST L.L.C. can be served through its registered agent, CORPORATION SERVICE COMPANY located at 40 TECHNOLOGY PARKWAY, SOUTH, #300, NORCROSS, GA, 30092, or by service on an officer or director of the company at its principal place of business located at 26261 EVERGREEN ROAD, SUITE 390, SOUTHFIELD, MI, 48076.

15.

Defendant Lefkoff is in the business of debt collection.

16.

Defendant Lefkoff may be served through its Georgia registered agent CRAIG B. LEFKOFF located at 5555 Glenridge Connector, Suite 900, ATLANTA, GA, 30342, or by serving and officer or director of the professional corporation, or through one of its attorney's at the same address.

**FACTUAL BACKGROUND**

17.

Plaintiff KIMMY-ANN BILLINGS is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), as she is a natural person who Defendants alleged was obligated to pay an alleged debt.

18.

Defendants have attempted to collect an alleged debt that is a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), as the subject of the transactions composing the alleged debt were for primarily personal, family, or household purposes.

19.

Defendants used instruments of interstate commerce in order to attempt to collect the alleged debt from Plaintiff, including the use of the United States Mail and the interstate phone systems.

20.

Defendant AUTOVEST L.L.C. through its legal representatives at Lefkoff Rubin Gleason & Russo, P.C., filed a lawsuit against Plaintiff KIMMYANN BILLINGS in Gwinnett County State Court on Case No. 14-C-03097-2.

21.

The lawsuit brought by Defendant AUTOVEST L.L.C. against Plaintiff became AUTOVEST L.L.C. v. KIMMYANN BILLINGS JOHNSON et al, Case No. Case No. 14-C-03097-2, in Gwinnett County State Court.

22.

Defendant AUTOVEST L.L.C. claimed to have been assigned an alleged debt of Ms. Billings, who's married name was Ms. Johnson, by Wells Fargo Bank, N.A.

23.

This alleged debt was for a deficiency relating to the voluntary repossession of a vehicle purchased under a Retail Installment Sale Contract (RISC).

24.

The date of the alleged repossession was November 10, 2009.

25.

Defendant Autovest did not file its lawsuit against Plaintiff until June 13, 2014—more than 4 years after the date of repossession.

26.

Retail Installment Sales Contracts are governed by a 4-year statute of limitations under Georgia's adoption of the Uniform Commercial Code.

27.

On January 20, 2015, Defendant Autovest's attorneys at Defendant Lefkoff, Rubin, Gleason & Russo, P.C., filed a motion for service by publication.

28.

As part of Defendant Autovest's motion for service by publication, an attorney at Defendant Lefkoff, Rubin, Gleason & Russo, P.C., filed an affidavit in support of the motion which contained false and misleading information in an effort to have the trial court vacate a previous order dismissing for want of prosecution and issue an order for publication.

29.

The motion for service by publication was sought improperly under Georgia law, and was based on false and misleading information filed by Defendant Autovest's lawyers at Defendant Lefkoff, Rubin, Gleason, & Russo, P.C.

30.

Defendant Autovest's lawyers at Lefkoff, Rubin, Gleason & Russo, P.C., either knowingly filed a motion for service by publication based on false information, or otherwise failed to engage in meaningful attorney review of the file prior to filing the improper motion for service by publication.

31.

On July 9, 2015, Defendant Autovest's attorney of record, Mr. Adam Russo of Defendant Lefkoff, Rubin, Gleason & Russo, P.C., filed a motion

for default judgment.

32.

Mr. Russo's motion for default judgment included a sworn affidavit from him stating that the conditions for a motion for summary judgment were properly met.

33.

Mr. Russo's affidavit was false, and the trial court denied Defendant's motion for default judgment on August 4, 2015.

34.

Mr. Russo either knowingly made a false affidavit, or failed engage in meaningful attorney review of the file on which he was making a motion for default judgment.

35.

Defendant Autovest's attorneys at Defendant Lefkoff continued to make false claims even after the trial court denied the motion for default judgment.

36.

On August 11, 2015, Defendant Autovest's attorney of record in the state-court action, Ms. Kristi L. Smith of Defendant Lefkoff, improperly

filed a Motion to Strike Answer, once again claiming Plaintiff was in default—despite a clear ruling from the trial court otherwise.

37.

Defendant Autovest's attorney, Kristi L. Smith, either knowingly filed a false and misleading motion to strike answer, or failed to engage in meaningful attorney review of the file in question before filing a motion that was moot on its face and made false claims as to the legal rights and remedies Defendant Autovest possessed at the time.

38.

The trial court in the state court action entered summary judgment in favor of Defendant Autovest on November 9, 2015.

39.

On November 16, 2015, the state court clerk received a request for a Writ of Fi Fa from Defendant Autovest's attorneys at Defendant Lefkoff, Rubin, Gleason & Russo, P.C.

40.

Defendant Autovest's request for a Writ of Fi Fa came less than 10 days after the trial court's summary judgment was entered.

41.

Georgia law has an automatic stay on the enforcement of judgments, including the requesting of Writs of Fi Fa, which is found in O.C.G.A. § 9-11-62(a).

42.

O.C.G.A. § 9-11-62(a) states in pertinent part (emphasis added):

> "No execution shall issue upon a judgment nor shall proceedings be taken for its enforcement **until the expiration of ten days after its entry**, except that, in the case of a default judgment, execution may issue and enforcement proceedings may be taken at any time after entry of judgment and except that, in any case in which both the plaintiff or plaintiffs and the defendant or defendants agree, in writing, and file a copy of such agreement with the clerk of the court, execution may issue and enforcement proceedings may be taken at any time after entry of judgment."

43.

The trial court vacated its order of summary judgment against Plaintiff Billings on December 3, 2015.

44.

The trial court granted Plaintiff Billings her motion to dismiss on the grounds the claims were barred by the statute of limitation on December 3, 2015.

45.

Prior to this, Ms. Billings was required to obtain the services of a law firm to prepare for the appeal she filed in the matter.

46.

Ms. Billings incurred actual damages as a result of Defendants' actions in the form of attorneys' fees paid in preparation for her appeal, as well as the emotional distress that was inflicted upon Ms. Billings through Defendants' actions.

# FIRST CAUSE OF ACTION

## (Violations of the FDCPA by ALL DEFENDANTS)

47.

Based on information and belief, Defendants AUTOVEST L.L.C. and LEFKOFF, RUBIN, GLEASON & RUSSO, P.C. have violated the Fair Debt Collection Practices Act ("FDCPA").

*Defendants' Violation of Georgia's*
*Mandatory 10-Day Stay Upon Entry of Judgment*

48.

Georgia law mandates a 10-day stay on any attempts to enforce a judgment from the date of the entry of said judgment.  O.C.G.A. § 9-11-62(a).

49.

O.C.G.A. § 9-11-62(a) states in pertinent part:

> "No execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of ten days after its entry, except that, in the case of a default judgment, execution may issue and enforcement proceedings may be taken at any time after entry of judgment and except that, in any case in which both the plaintiff or plaintiffs and the defendant or defendants agree, in writing, and file a copy of such agreement with the clerk of the court, execution may issue and enforcement proceedings may be taken at any time after entry of judgment."

50.

Defendants, either directly or through agents, violated this 10-day stay by seeking to have a Writ of Fi Fa issued against Plaintiff prior to the expiration of the 10-day stay.

51.

The summary judgment order was signed November 6, 2015, and was entered in the court record on November 9, 2015.

52.

Defendants sent a request for the issuance of a Writ of Fi Fa to the clerk of court, which was received and processed by the clerk of court on November 16, 2015—only 7 days after the entry of the summary judgment.

53.

Defendants' actions violate the FDCPA's prohibitions against false or misleading statements about the legal status of a debt (15 U.S.C. § 1692e) and constitute unfair and unconscionable means of collecting a debt (15 U.S.C. 1692f).

54.

Defendants' actions have caused Plaintiff anxiety and stress, and have resulted in actual and direct harm to Plaintiff.

55.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

*Prosecuting a Lawsuit Against A Consumer*
*After the Statute of Limitations Expires*

56.

Defendants filed and prosecuted a legal action against Plaintiff Kimmy-Ann Billings after the statute of limitation on the action had expired.

57.

Prosecuting a time-barred claim is a violation of the FDCPA's prohibition against making false and misleading claims as to the legal status

of a debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

58.

Prosecuting a time-barred claim is also a violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. Fair Debt Collection Practices Act, 15 U.S.C. § 1962f.

59.

Defendants' actions have caused Plaintiff to have to retain legal counsel to defend on appeal against an improper claim, caused Plaintiff anxiety and stress, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

60.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

*Filing An Improper Motion For Service By Publication*

61.

Defendants were unable to properly serve Plaintiff by personal service of their underlying lawsuit.

62.

Defendants knowingly sought to circumvent the constitutional requirements of personal service by improperly seeking service by publication.

63.

Defendants, in an effort to circumvent constitutional requirements of notice and service, filed a false and misleading motion for service by publication.

64.

Defendants included a false and misleading affidavit as a part of their motion for service by publication.

65.

The trial court later ruled that service by publication was improperly obtained in the order denying Defendant Autovest's motion for default judgment on August 4, 2015.

66.

Filing false and misleading statements or motions with a court in an effort to collect upon an alleged debt is a violation of the FDCPA's prohibition against making false and misleading claims as to the legal status of a debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

67.

Filing false and misleading statements or motions with a court in an effort to collect upon an alleged debt is a violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. Fair Debt Collection Practices Act, 15 U.S.C. § 1962f.

68.

Defendants' actions have caused Plaintiff to have to retain legal counsel to defend against an improper claim on appeal, caused Plaintiff anxiety and stress, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

69.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

*Filing An Improper Motion For Default Judgment*

70.

Defendant Autovest, through its attorney Adam Russo, who is an agent and partner at Defendant Lefkoff Rubin Gleason & Russo, P.C., filed a motion for default judgment on July 20, 2015.

17

71.

Defendants included in their motion for default judgment an affidavit of Adam Russo, an attorney at Defendant Lefkoff Rubin Gleason & Russo, P.C., which contained false and misleading information.

72.

The trial court determined Defendants' motion for default judgment to not be proper, and denied the motion in an order dated August 4, 2015, and entered into the record by the clerk of court on August 5, 2015.

73.

Filing false and misleading statements or motions with a court in an effort to collect upon an alleged debt is a violation of the FDCPA's prohibition against making false and misleading claims as to the legal status of a debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

74.

Filing false and misleading statements or motions with a court in an effort to collect upon an alleged debt is a violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. Fair Debt Collection Practices Act, 15 U.S.C. § 1962f.

75.

Defendants' actions have caused Plaintiff to have to retain legal counsel to defend against an improper claim on appeal, caused Plaintiff anxiety and stress, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

76.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

*Filing An Improper Motion To Strike An Answer*

77.

Defendant Autovest, through its attorneys at Defendant Lefkoff Rubin Gleason & Russo, P.C., filed a motion to strike Plaintiff Billings' Answer on August 11, 2015 (although the motion was dated August 6, 2015).

78.

Defendants' motion to strike Plaintiff Billings' answer was a false and misleading statement made to the court in an effort to collect upon an alleged debt, was it was demonstrably untimely.

79.

Filing false and misleading statements or motions with a court in an effort to collect upon an alleged debt is a violation of the FDCPA's prohibition against making false and misleading claims as to the legal status of a debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

80.

Filing false and misleading statements or motions with a court in an effort to collect upon an alleged debt is a violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. Fair Debt Collection Practices Act, 15 U.S.C. § 1962f.

81.

Defendants' actions have caused Plaintiff to have to retain legal counsel to defend against an improper claim on appeal, caused Plaintiff anxiety and stress, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

82.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

## JURY DEMAND

83.

Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

(1)   Find Defendants jointly and severally liable for violations of the Fair Debt Collection Practices Act;

(2)   Award Plaintiff the full $1,000 statutory damages for Defendants' FDCPA violations;

(3)   Award Plaintiff actual damages in an amount to be shown with more particularity at a later date;

(4)   Award Plaintiffs reasonable attorneys' fees and the cost of this action in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

(5)   Award Plaintiff the reasonable costs of this action;

(6)   Award Plaintiff other expenses of litigation;

(7)   Grant Plaintiff such other and additional relief as the Court deems just and equitable.

Respectfully submitted this 19th day of JANUARY, 2016.

/s/ John William Nelson
John William Nelson
State Bar No. 920108
Megan K. Jones
State Bar No. 964376
*Attorneys for Plaintiff*

21

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.   404.549.6765
*Attorneys for Plaintiff*